IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MARVIN POORE, | § | |
| | § | No. 263, 2021 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below–Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID Nos. 1911006147 (K) |
| Plaintiff Below, | § | 1911006225 (K) |
| Appellee. | § | 1911006036 (K) |

Submitted: January 13, 2022
Decided: March 8, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

# ORDER

After careful consideration of the appellant's brief filed under Supreme Court Rule 26(c), his attorney's motion to withdraw, the State's response, and the record on appeal, it appears to the Court that:

(1)    On April 29, 2021, the appellant, Marvin Poore, resolved five sets of criminal charges by pleading guilty to two counts of second-degree burglary, one count of attempted second-degree burglary, and one count of third-degree burglary. Following a presentence investigation, the Superior Court sentenced Poore to an aggregate of eighteen years of imprisonment followed by decreasing levels of supervision. This is Poore's direct appeal.

(2) Poore's counsel on appeal has filed a brief and a motion to withdraw under Rule 26(c). Counsel asserts that, after a conscientious review of the entire record and the law, she has concluded that this appeal is wholly without merit. Poore's attorney informed him of the provisions of Rule 26(c) and provided Poore with a copy of the motion to withdraw and the accompanying brief. Counsel also informed Poore of his right to supplement his attorney's presentation. Poore has not raised any issues for the Court's consideration. The State has responded to the position taken by Poore's counsel and has moved to affirm the Superior Court's judgment.

(3) The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold. First, the Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for claims that could be arguably be raised on appeal.[1] Second, the Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[2]

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wis.*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

[2] *Penson*, 488 U.S. at 81-82.

(4) The Court has reviewed the record carefully and has concluded that Poore's appeal is wholly without merit and devoid of any arguably appealable issues. We also are satisfied that Poore's counsel has made a conscientious effort to examine the record and the law and has properly determined that Poore could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. Counsel's motion to withdraw is moot.

BY THE COURT:


*/s/ Karen L. Valihura*
Justice

3